UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                Crim. No. 08-169-HA

JAMES EVAN EGGLESTON,           ORDER

      Defendant.

_____

HAGGERTY, District Judge:

      Defendant James Evan Eggleston is charged with: (1) knowingly and unlawfully crossing a state line with the intent to engage in a sexual act with a person who has not attained the age of twelve years, and attempting to do so; (2) knowingly and unlawfully transporting in or affecting interstate commerce images of child pornography; and (3) possession of child pornography in violation of 18 U.S.C. §§ 2241(c), 2252A(a)(1), 2252A(a)(5)(B).  Defendant filed a Motion to Suppress Evidence [35].  This court held evidentiary hearings on June 7 and 15, 2010.  For the following reasons, the court concludes that entry by law enforcement officers into defendant's motel room after defendant's arrest was improper, but the court reserves a ruling upon the scope of the evidence suppressed as a result.

1 - ORDER

## BACKGROUND

The following factual background consists of findings made by the court after reviewing all evidence submitted and the testimony of the witnesses. The court notes at the outset that the versions of events recounted by law enforcement agents contending that defendant gave them consent to enter his motel room are unsupported by the audio recording of the incident and lack credibility. In making these findings, the court was deprived of a written investigatory report detailing with any specificity the circumstances of defendant's arrest and the search of his room. The only written report concerning the arrest, consent, and search, was written by an agent who "didn't necessarily see what was going on," and it contains no critical facts concerning whether defendant gave consent to enter his motel room. Tr. Vol. I at 74. The adjudication of these kinds of constitutional disputes would benefit significantly from greater attention to detail by law enforcement agents, including contemporaneous written records every time a person allegedly abandons constitutional rights.

On March 14, 2008, defendant was arrested after traveling from Seattle, Washington, to Portland, Oregon. Before coming to Portland, defendant had been communicating online with United States Immigration and Customs Enforcement (ICE) Special Agent Jim Mooney. Special Agent Mooney was posing as the father of two boys, ages three and five years. Defendant is alleged to have traveled to Portland with the intent of engaging in sexual acts with these fictitious boys.

On March 14, 2008, defendant met with Special Agent Mooney in the restaurant lounge of a Quality Inn motel in Northeast Portland. Special Agent Mooney wore a body wire during the meeting and until shortly after defendant's arrest. Following the meeting in the lounge,

2 - ORDER

Special Agent Mooney followed defendant to his motel room.  Defendant keyed the lock on his room door and was immediately approached by ICE agents.  These agents arrested defendant and feigned to arrest Special Agent Mooney.  Defendant was told to place his hands on the wall outside the motel room and was frisked and briefly questioned regarding his possessions.  At this time, the room door had been unlocked, but defendant had not yet entered and the door was not open.  Defendant was then guided into the motel room by ICE agents.  At no time was defendant asked for permission to enter his room.[1]

After defendant and the law enforcement officers entered the motel room, defendant was informed of his rights provided under the Fourth Amendment of the United States Constitution.  Defendant then signed a written form allowing agents to search his motel room.

Following a search of the motel room, Defendant was transported to ICE offices in downtown Portland, where he was again advised of his Fourth Amendment rights.  Defendant signed three more written consent forms waiving his rights and giving ICE agents permission to search his electronic and computer equipment located at the motel room, the ICE office, and at his home.

---

[1] The government's contentions to the contrary are unconvincing.  Special Agent Mooney did not see or hear other agents ask defendant for permission to enter his room.  Agent Findley testified that he asked defendant for permission to enter the room and then patted defendant down once inside the room.  This version of events is contradicted by the audio recording of the incident.  Agent Cole testified that he could not say that he had "specifically asked for permission," but that "[i]t would be our normal methodology to do that."  Tr. Vol. I at 23.  The court trusts that the normal methodology of ICE agents is, of course, to avoid violating a suspect's constitutional rights.  An agent's assertion of this assumption, however, offers little basis for the court to reach conclusions that contradict the evidence of the audio recording and defendant's testimony.  Although the agents may not have perjured themselves, their vague and inaccurate recollections are unsupported by a contemporaneous written report and are contradicted by other more reliable evidence in the record.  The only testimony consistent with the audio recording was defendant's testimony.

3 - ORDER

## DISCUSSION

Defendant contends that ICE agents made a warrantless entry into his motel room without first obtaining his permission, and in so doing violated his Fourth Amendment rights. Defendant asks this court to suppress all evidence and statements obtained as a result of the improper entry.      The United States Constitution provides protections against unlawful governmental searches and seizures of persons or their property.  The Fourth Amendment provides that:

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons to be seized.

U.S. Const. amend. IV.

At the core of the Fourth Amendment's protections is the right of a person to be free from unreasonable governmental intrusion into his or her home.  *Kyllo v. United States*, 533 U.S. 27, 31 (2001) (citing *Silverman v. United States*, 365 U.S. 505, 511 (1961)).  "With few exceptions, the question of whether a warrantless search of a home is reasonable and hence constitutional must be answered no."  *Id.* (citations omitted).  A guest's motel room "is entitled to constitutional protection against unreasonable searches and seizures," and warrantless searches of such rooms are unlawful.  *Stoner v. State of Cal.*, 376 U.S. 483, 490 (1964).

Here, ICE agents entered defendant's motel room without a warrant and without his permission.  As such, their entrance into his motel room was violative of the Fourth Amendment's protections.

Because ICE agents unlawfully entered defendant's motel room, evidence and statements obtained as a result of the illegal entry may be subject to suppression as "fruit of the poisonous

4 - ORDER

tree." *Wong Sun v. United States*, 371 U.S. 471, 488 (1963). After law enforcement officers have violated the Fourth Amendment's strictures, the subsequent procurement of consent to search "may be considered tainted, and evidence found must be suppressed." *United States v. Oaxaca*, 233 F.3d 1154, 1158 (9th Cir. 2000); *see also United States v. Colin*, 314 F.3d 439, 447 (9th Cir. 2002) (suspect's consent to search following illegal traffic stop did not "purge the taint" and evidence was suppressed).

However, "[t]he question of whether the exclusionary rule applies is an issue separate from whether Fourth Amendment rights were violated." *United States v. Noster*, 573 F.3d 664, 670 (9th Cir. 2009). Suppression of evidence is only justified when the discovery of evidence results from illegal government action. *United States v. Pulliam*, 405 F.3d 782, 786 (9th Cir. 2005) (citation omitted). That necessary causal connection exists between the illegal action and the tainted evidence when "the illegal activity tends to significantly direct the investigation to the evidence in question." *United States v. Johns*, 891 F.2d 243, 245 (9th Cir. 1989) (citation omitted). Subsequently tainted evidence may be admitted if the evidence is sufficiently attenuated from the illegal activity. *Wong Sun*, 371 U.S. at 487-88.

A three-part test is employed to determine attenuation: (1) the temporal proximity between the illegality and the discovery of evidence, (2) the presence of any intervening circumstances, and (3) the purpose and flagrancy of the official misconduct. *See United States v. Washington*, 490 F.3d 765, 776-77 (9th Cir. 2007) (citing *Brown v. Illinois*, 422 U.S. 590, 603-04 (1975)). The government bears the burden to show admissibility of evidence. *Id.*

In the facts presented here, although the illegality was temporally proximate to the search of defendant's motel room, it was preceded by a legal arrest. The search of defendant's room

appears to have been inevitable in light of the fact that ICE agents had followed him to the motel and had observed him carrying luggage.  Additionally, as noted above, defendant was advised of his rights repeatedly and he consistently waived his Fourth Amendment rights both orally and in writing after the agents' improper entry into his room.  After defendant was taken to the ICE office, he signed three written consent forms, one of which specifically allowed ICE agents to search his motel room.

However, under the exclusionary rule, the burden remains with the government to establish the admissibility of the evidence obtained after law enforcement officers entered defendant's motel room improperly.  Because this burden has not yet been met, counsel are ordered to file supplemental briefs addressing whether the improper entry should result in suppression of evidence and, if so, the extent of that evidence.  In light of the pending trial date, the schedule for this briefing must be accelerated.  The parties are ordered to file their briefs no later than noon on July 26, 2010.  No responses and no oral argument will be permitted.  The briefs are limited to ten pages, plus attached exhibits if necessary.

## **CONCLUSION**

For the reasons provided, defendant's Motion to Suppress Evidence [35] is granted in part.  A ruling upon the extent of the suppression of evidence, if any, is reserved.

IT IS SO ORDERED.

DATED this ___19__ day of July, 2010.


　　　　　　　_____/s/ Ancer L. Haggerty_____
　　　　　　　　　　Ancer L. Haggerty
　　　　　　　　United States District Judge


6 - ORDER